[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried on May 28, 1971 in Denver, Colorado. There are 5 minor children of the marriage: Christopher, born October 1, 1975; Maryellen, born, January 30, 1978; Dominic, born July 10, 1980; Gabriel, born June 26, 1983; and Theresa, born January 16, 1986.
The marriage has broken down irretrievably with no hope of reconciliation.
It would serve little purpose to set out in detail the relationship of the parties over the years. However, some discussion of the CT Page 143 situation between them is necessary. The defendant was an autocrat. The life of the family revolved around his wishes. He had the fine clothes, the better car, the expensive camera hobby. Anything that came into the family was his. The plaintiff's father gave her 3 gold bars worth $3600. The defendant took them and now states he does not know where they are or what happened to them. Monies from the plaintiff's family disappeared or were lost by the defendant playing the stock market. His attitude was: "I made the money and I will say as to how it is going to be spent." There were 4 bedrooms in the family home on Burnt Plains Road in Milford. The defendant occupied one of them. The second was filled with boxes full of his "papers". The rest of the large family made do with the other 2 bedrooms.
The court did not find the defendant worthy of belief. He was a CPA and knew he would be asked about his financial affairs. All this information was in the boxes in the second bedroom. He made no effort to have the information available at the trial and when questioned about his finances he would reply he did not know the answer and would have to look in his papers to find it.
He treated the plaintiff as a "possession" of his. He watched porno films and then would force himself on her.
He admitted to adultery with his landlady in New Jersey, where he had a room near his place of employment there. That happened about 4 years ago. The plaintiff found evidence of the infidelity and filed for divorce. This was in May 1990. Obviously, the marriage had broken down by that time.
When he was asked about the breakdown, he said that the plaintiff wanted to pursue her own religion and that she said he was demoniac.
The defendant was the sole cause of the breakdown of the marriage and the plaintiff did not contribute in any way to the breakdown.
The marriage is dissolved.
Custody of the minor children is awarded solely to the plaintiff with reasonable rights of visitation in the defendant. When he has the children, the defendant shall bring the children to attend the church services of the religion they usually attend. If the children, or any one of them, do not want to go with the CT Page 144 defendant, they will not be forced to do so.
The defendant shall quit claim to the plaintiff all his right, title and interest in the family home on Burnt Plains Road in Milford. The plaintiff shall take the property subject to the first mortgage and shall be responsible to pay that mortgage. She shall also hold the defendant harmless as to the mortgage thereafter.
The court computes the defendant's share of the equity in the family home to be $57,000. Transfer of his equity to the plaintiff will repay her in part for the gold bars the defendant took and also for the $15,000 the plaintiff's parents loaned her to fix up the family home but which the defendant took and lost playing the stock market.
The contents of the family home on Burnt Plains Road shall belong to the plaintiff except for those items which belong to the defendant and which he shall remove forthwith. The boxes which fill the second bedroom of the house shall be removed as soon as reasonably possible. The court notes from the Yellow Pages of the Milford Telephone Directory that there are several self storage locations in the Milford area where the defendant could put said boxes. The defendant easily could take one or more of the boxes in question and put them in such a facility after he has visited with the children. If he does not make such arrangements to clean out the bedroom, on request the plaintiff would be authorized to put 1 box a week from the bedroom out on the sidewalk in from of the house to be removed by the regular Milford Trash Collection.
In the hearing on the pendente lite matters on May 11, 1990, the defendant agreed to pay the mortgage principal, interest, taxes and insurance on the house at Burnt Plains Road, the insurance on the cars driven by each party, all utilities, to continue the children and the plaintiff on his health insurance program and the life insurance on his life. The total amount of these expenses on the statement entitled "Total Arrearages To be Reimbursed to Wife" not paid to 9/8/92 is $8678.51. The plaintiff paid these obligations which the defendant had agreed to pay and did not. The defendant shall pay that amount to the plaintiff forthwith plus any other of said amounts paid by the plaintiff since 9/2/92.
The defendant also owes the plaintiff $2000. which was lent to the plaintiff by her parents to provide food for herself and the children, gas and maintenance for her car and recreation and pocket money for herself and the children. The defendant closed the CT Page 145 account where this money was in the Union Trust Co. and took and used the $2000. himself. He had no right to do this and shall pay this amount back forthwith to the plaintiff.
The other expenses set in said statement are joint expenses of the parties. These total $5734.23. Fifty percent (50%) of that amount is the defendant's share. This is computed to be $2867.15. The defendant shall also pay that amount to the plaintiff forthwith plus the defendants one half share of any other of such amounts paid by the plaintiff since 9/2/92.
The defendant shall pay to the plaintiff as alimony the sum of $450 per week which shall cease upon the death of either party, or upon the remarriage or cohabitation of the plaintiff.
The defendant shall pay child support to the plaintiff for the minor children in the total amount of $125.00 per week. The Connecticut State Guidelines have been considered as well as the IRS tax repercussions and the parties incomes and the court finds that this payment is the most advantageous to the parties.
The plaintiff may take all the children as her tax dependents for both the Federal and State tax purposes.
The defendant will maintain on his life, life insurance, naming the plaintiff as beneficiary of the same in the sum of $100,000.00. He will provide proof of the existence of the policy and the amount and the plaintiff being designated as the beneficiary upon demand.
The defendant will maintain on his life, life insurance naming the minor children as beneficiary of the same in the sum of $100,000.00. He will provide proof of the existence of the policy and the amount and the minor children being designated as the beneficiaries upon demand.
The plaintiff will retain the 1986 Mazda and the defendant will retain his 1980 Oldsmobile.
Each party will pay their own counsel fees.
The defendant will maintain health insurance for the benefit of the minor children so long as there is a duty to support. He will maintain Blue Cross, Blue Shield, Major Medical and Dental or the equivalent. All uninsured, unreimbursed medical and dental will CT Page 146 be paid for equally by the parties.
The defendant will provide for the plaintiff COBRA rights for the benefit of the plaintiff and the plaintiff will make the payments for the same.
The defendant will hold the plaintiff harmless from any claim for taxes due for any years the parties signed joint returns.
The defendant husband will be responsible for all obligations incurred in his name alone. The wife will be responsible for all obligations incurred in her name alone. The following joint obligations incurred during the course of the marriage will be the responsibility of the defendant. He will pay the same and hold the plaintiff harmless for the same unless he has been ordered to pay the obligations elsewhere in this Memorandum of Decision.
a. Bank Ohio — $4,767.00
b. MBNA — $13,000.00
c. CitiBank — $6,500.00
d. Union Trust — $5,500.00
e. Bank of Boston of Connecticut — $3,376.00
f. Norwes Card Services — $800.00
g. UBD — $750.00
h. Orange Pediatrics — $1,300.00
i. Milford Hospital — $550.00
j. Milford Orthopedic Group — $215.00
k. Dr. Quinter (dentist) — $600.00
l. Milford Oral Surgeons — $165.00
m. Town of Milford (car taxes) — $325.00
n. Sears — $585.00 CT Page 147
 o. and all other bills as the husband has a representation on his financial affidavit of owing $58,907.00
THOMAS J. O'SULLIVAN, TRIAL REFEREE